## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANOIA'S EATERY, LLC d/b/a
DIANOIA'S and PIZZERIA DAVIDE,

          Plaintiff,

    v.

MOTORISTS MUTUAL INSURANCE
COMPANY,

          Defendant.

Civil Action No.    2:20-cv-706

### NOTICE OF REMOVAL

NOW, comes Defendant, Motorists Mutual Insurance Company ("MMIC"), by and through its attorneys, BURNS WHITE LLC, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. MMIC submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, MMIC states as follows:

1.    Plaintiff, DiAnoia's Eatery, LLC d/b/a DiAnoia's and Pizzeria Davide ("DiAnoia's" or "Plaintiff"), initiated this action by filing a "Civil Action – Complaint Seeking Declaratory Relief" ("Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania, at Docket No. GD-20-005273, on April 28, 2020.

2.    A true and correct copy of the Complaint – as filed, and attaching a policy of insurance issued by an insurer other than MMIC to an insured other than DiAnoia's – is attached hereto at Exhibit 1.

3.    Plaintiff transmitted a copy of the Complaint – attaching a policy of insurance issued by MMIC to DiAnoia's ("Policy") – to MMIC under cover correspondence dated April 28, 2020.

4.    A true and correct copy of the Complaint – as served – is attached hereto at Exhibit 2.

5.    MMIC received the Complaint – as served – on or about May 4, 2020. (See Ex. 2.)

6.    In addition to the Complaint, a copy of the state court docket and Proof of Service are attached hereto at Exhibit 3.

7.    Upon information and belief, the documents that are attached hereto at Exhibits 1, 2, and 3 constitute all of the pleadings, process, and orders, which were filed in connection with the state court action.

8.    The Complaint identifies MMIC as the lone defendant. (See Ex. 1, 2, and 3.)

9.    Plaintiff is a Pennsylvania corporation that maintains its principal place of business in Pennsylvania. (See Ex. 1 and 2, ¶ 1.)

10.    Both at the time that Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania. (See Ex. 1 and 2, ¶ 1.)

11.    MMIC is not a Pennsylvania entity, nor does MMIC maintain its principal place of business in Pennsylvania. (See Ex. 1 and 2, ¶ 3.)

12.    Rather, MMIC is an Ohio mutual insurance company with its principal place of business in Ohio, specifically, at 471 E. Broad Street, Columbus, Ohio. (See Ex. 1 and 2, ¶ 3.)

13.    Both at the time that Plaintiff initiated this action and at the time of this Removal, MMIC was and is a citizen of Ohio. (See Ex. 1 and 2, ¶ 3.)

14.     In the Complaint, Plaintiff asserts a claim for legal relief in the nature of a claim for breach of the insurance contract – i.e., the Policy – which it has labeled a claim for "Declaratory Judgment." (See Ex. 1 and 2, generally.)

15.     To be certain, the Complaint alleges that Plaintiff submitted a claim under the Policy seeking coverage for "losses, damages, and expenses caused by the COVID-19 pandemic." (See e.g., Ex. 1 and 2, ¶¶ 10, 25, 29, 30.)

16.     The Complaint alleges that MMIC "denied the claims [sic] Plaintiff, DiAnoia's, for recovery of damages caused by the COVID-19 pandemic." (See e.g., Ex. 1 and 2, ¶¶ 32, 37.)

17.     The Complaint (i) alleges that Plaintiff is entitled to "coverage for the losses, damages, and expenses caused by the COVID-19 pandemic," (ii) alleges that the failure to provide that coverage constitutes "a material breach of [the MMIC] [P]olicy" in "direct violation of the specific terms and provisions of the [MMIC] Policy," and (iii) seeks the coverage allegedly due. (See e.g., Ex. 1 and 2, ¶¶ 33, 34, 38, 40, 41, 42.)

18.     Plaintiff seeks money damages in an amount in excess of the applicable arbitration limit. (See Ex. 1, at Civil Cover Sheet.)

19.     Insofar as it concerns the scope of the claim and damages sought, Plaintiff seeks coverage under the Policy for losses, damages, and expenses caused by the COVID-19 pandemic and sustained by both DiAnoia's and Pizzeria Davide from the March 19, 2020 issuance of Pennsylvania Governor Tom Wolf's Order closing the physical locations of non-life sustaining business, through the present, and into the future, such that it appears that Plaintiff seeks an amount in excess of $75,000. (See e.g., Ex. 1 and 2, ¶¶ 20-22, 24-28, 30, 32-34, 36, 38, 42.)

20.     Upon information and belief, Plaintiff contends that it lost approximately $110,000 in revenue during the first two weeks of the time period in question.

21.     Accordingly, where Plaintiff seeks such sums, the amount in controversy exceeds the jurisdictional requirement of $75,000.

22.     Because Plaintiff and MMIC are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. § 1332.

23.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the claim is between citizens of different states.

24.     MMIC submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant, Motorists Mutual Insurance Company, removes this civil action to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC


By:  /s/ Matthew A. Meyers
    Matthew A. Meyers (PA I.D. 202838)
    E-mail: mameyers@burnswhite.com
    Robert E. Dapper, Jr. (PA I.D. 46378)
    E-mail: redapper@burnswhite.com
    Burns White Center
    48 26th Street
    Pittsburgh, PA 15222
    (412) 995-3281 – Direct
    (412) 995-3300 – Fax
    *Attorneys for Defendant, Motorists Mutual Insurance Company*

4

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on May 14, 2020, the within **NOTICE OF REMOVAL** was filed electronically and will be served upon all counsel via first class mail, addressed as follows:

JAMES C. HAGGERTY, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER &
KUPERSMITH, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103

SCOTT B. COOPER, Esquire
SCHMIT KRAMER, P.C.
209 State Street
Harrisburg, PA 17101

JOHN P. GOODRICH, Esquire
JACK GOODRICH & ASSOCIATES
429 Fourth Avenue
Pittsburgh, PA 15219

JONATHAN SHUB, Esquire
KOHN SWIFT
1600 Market Street, Suite 2500
Philadelphia, PA 19103

*Attorneys for Plaintiff*

/s/ Matthew A. Meyers
Matthew A. Meyers