**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DIANOIA'S EATERY, LLC, d/b/a )
DIANOIA'S AND PIZZERIA DAVIDE, )
  )
Plaintiff, )
  )
v. )
  )   Civil Action No. 20-706
MOTORISTS MUTUAL INSURANCE )
COMPANY, )
  )
Defendant. )

## ORDER OF COURT

AND NOW, this 27th day of May, 2020, upon consideration of Defendant Motorists Mutual Insurance Company's Amended and Renewed Notice of Removal, (Docket No. [4]), which was filed in the above-captioned action on May 26, 2020, after the Clerk of Court mailed the Court's May 19, 2020 Order remanding this matter to the Court of Common Pleas of Allegheny County on May 23, 2020, and binding Third Circuit precedent holding that "once an order remanding a case is mailed to the state court, the district court loses jurisdiction and thus lacks the authority to allow the amendment of the notice of removal," *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 214 (3d Cir. 2014), *see also Agostini v. Piper Aircraft Co.*, 729 F.3d 350, 356 (3d Cir. 2013) (quoting 28 U.S.C. § 1447(d)) (holding that "at the moment of mailing" of the certified copy of a remand order, "the remand order became unreviewable 'on appeal or otherwise'" and that "[o]nce mailed, the order may not be reconsidered"),

IT IS HEREBY ORDERED that Defendant's Amended and Renewed Notice of Removal

[4] is DISMISSED for lack of jurisdiction.[1]

*s/Nora Barry Fischer*_____
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:  All counsel of record.

---

[1]     In so holding, the Court need not address Defendant's newly advanced arguments as to the diversity of the parties nor that Plaintiff's single-count declaratory judgment Complaint is really a hybrid breach of contract/declaratory judgment action which constitute separate "independent claims" precluding the Court's authority to decline jurisdiction under the Declaratory Judgment Act and *Reifer*.  (*See* Docket No. 4).  To the contrary, the Complaint seeks a declaration that Plaintiff "is entitled to coverage for losses, damages, and expenses caused by the COVID-19 pandemic and the referenced Orders from Defendants, Motorists Mutual Insurance Company; and (b) such other relief as the court deems appropriate."  (Docket No. 1-1 at 9).  Hence, any damages sought are dependent upon the issuance of the requested declaratory relief and the Court's prior analysis declining jurisdiction stands.  *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) ("If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action, consistent with our decision in *Reifer*, 751 F.3d at 144–46."); *see also Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, No. CV 18-1129, 2018 WL 6325178, at *2 (W.D. Pa. Dec. 4, 2018) (Fischer, J.) ("Even though the case also includes a claim for legal relief (i.e. the claim for damages), the Court concludes that that claim is dependent on the claim for a declaratory judgment because the damages only are available should the Court conclude that Plaintiff does not owe Brimar a duty to defend and grants the declaratory relief.").